IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA

v.

JOSHUA CAREY,

     Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No. 3:19-CR-008 (TJM)

GOVERNMENT'S SENTENCING MEMORANDUM

  The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence.

## INTRODUCTION

  On February 11, 2019, defendant Joshua Carey entered a plea of guilty to Counts 1 and 2 of the two-count Information in 3:19-CR-008. Count 1 charges him with sexual exploitation of a child, in violation of Title 18, United States Code, Sections 2251(a) and (e), and Count 2 charges him with commission of a felony offense involving a minor as a registered sex offender, in violation of Title 18, United States Code, Section 2260A.

  Carey is scheduled to be sentenced on August 15, 2019.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.** **Statutory Maximum and Minimum Sentences**

  The defendant has a prior conviction for two counts of Rape in the Second Degree involving sexual intercourse with two female children, who were 14 and 13 years old at the time. These prior convictions, both entered on March 14, 2005, affect the penalty provisions on Count 1, and subject Carey, on this count alone, to a statutory minimum term of imprisonment of 25

years, and a statutory maximum term of 50 years of imprisonment.   18 U.S.C. § 2251(e); PSR ¶ 89.   Count 2 requires a term of 10 years imprisonment, which must run consecutively to the sentence imposed on Count 1.   18 U.S.C. § 2260A, PSR ¶ 89.   In addition, there is a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR ¶ 93, and a fine of up to $250,000.   18 U.S.C. § 3571; PSR ¶ 100.[1]

**2.      Guidelines Provisions**

   **a.      Offense Level**

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting in a Total Offense Level of 39.   PSR ¶¶ 34-47, and Addendum.

   **b.      Acceptance of Responsibility**

The Government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."   PSR ¶ 46.

   **c.      Criminal History Category**

According to the presentence report, the defendant's Criminal History Category is V.   PSR ¶¶ 48-58.   The Government agrees with the Probation Office's determination of the defendant's criminal history category.

   **d.      Guidelines Range and Sentence**

As described above, the defendant's Total Offense Level is 39 and his Criminal History

---

[1]      The Government agrees with the assessment of the Probation Officer that it appears the defendant does not have the ability to pay a fine.   PSR ¶ 88.

Category is V.  As a result, the Sentencing Guidelines advise that the defendant receive a sentence of 360 months to life.  PSR ¶ 90.  However, as the statutory maximum sentence on Count 1 is 50 years, the Guidelines range becomes 360 - 600 months.  *Id*.  The Guideline, and mandatory, sentence for Count 2 is 120 months, which is required to run consecutively to any sentence imposed on Count 1.  *Id*.

The Guidelines term of supervised release is no less than 5 years, and up to Life.  PSR ¶ 95, 18 U.S.C. § 3583(k).  Because the offense of conviction is a sex offense, the Guidelines recommend lifetime supervision.  *Id*., U.S.S.G. § 5D1.2(b)(2).

**3.      Forfeiture**

As set forth in the Forfeiture Allegation of the Indictment, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. § 2253.  PSR ¶ 3.

**GOVERNMENT'S SENTENCING RECOMMENDATION**[2]

As the mandatory 10-year sentence on Count 2 must run consecutively to any sentence imposed on Count 1, a Guidelines sentence in this case is one between 40 and 60 years.  PSR ¶ 90.

---

[2]   The Government reserves the right to respond to defense arguments raised after the filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Joshua Carey committed the instant offense *against an infant* after having sustained convictions for raping two minor children. His lenient sentence for those offenses: a total of 6 months in jail and 10 years' probation, and his status as a registered sex offender, served as no deterrent to his sexual contact with and exploitation of this baby. Further, as noted by the Probation Officer, Carey's acceptance of responsibility for both his prior offense and his current outrageous conduct is minimal. PSR ¶¶ 45, 52. Carey blames alcohol, and the 13 and 14-year-old victims of his prior crimes for causing and instigating his rapes of those children. PSR ¶ 52. Likewise, Carey deflects blame for the current offense by making contradictory statements about his recollection of the events surrounding his sexual conduct with the infant, and adds to it his fallback excuse, alcohol, to account for his actions, showing yet again a failure to truthfully admit his conduct or to show actual remorse for it. PSR ¶¶ 30-31; 45.

Few offenses are more serious than the sexual exploitation of a child, and the recommended sentence acknowledges that, while at the same time affording adequate deterrence to others. 18 U.S.C. §§ 3553(a)(2)(A) and 3553(a)(2)(B). Moreover, Carey is a known-quantity: a danger to children. As such, an important goal of sentencing, to protect society from Carey's future crimes, will be served only by the lengthy term of imprisonment called for by the Guidelines. 18 U.S.C. § 3553(a)(2)(C).

For all of the reasons set forth herein, the Government maintains that a Guidelines sentence is just, and not greater than necessary to comply with the purposes of sentencing. The recommended Guidelines sentence takes into account the nature and seriousness of the defendant's crime, and, importantly, the defendant's history as sex offender. 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A). Further, the policy statement issued by the Sentencing Commission, U.S.S.G.

4

§ 5K2.0(b), advises against a departure from the Guidelines in child crimes and sexual offenses except in explicitly numerated circumstances, none of which are present here. 18 U.S.C. § 3553(a)(5).

## CONCLUSION

For all of the reasons set forth above, the Government maintains that a Guidelines sentence of between 40 and 60 years is the outcome warranted in this matter. Such a sentence is not greater than necessary, and is sufficient to comply with and accomplish the many goals of sentencing. 18 U.S.C. § 3553(a). As also recommended by the Guidelines, U.S.S.G. § 5D1.2(b), and warranted by the facts of this case, a term of lifetime supervised release should be imposed.

Respectfully submitted this 18th day of July, 2019,

GRANT C. JAQUITH
United States Attorney

*/s/ Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************
UNITED STATES OF AMERICA

                                        Case No.: 3:19-CR-008 (TJM)

    v.

JOSHUA CAREY,

        Defendant.
*******************************

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019 I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the following:

Matthew E. Trainor, Esq.

                                                          /s/

                                                  Paula Briggs