UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | DEFENDANT'S SENTENCING |
| -against- | MEMORANDUM |
| | |
| JOSHUA CAREY, | Information No. 3:19-CR-008 (TJM) |
| | |
| Defendant. | |

---

### Preliminary Statement

Joshua Carey comes before this court for sentencing following a plea of guilty to a two count information charging him with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and Felony Offense Involving a Minor by a Registered Sex Offender in violation of 18 U.S.C. § 2260A. This plea was entered into pursuant to a plea agreement (Document 29)

### The Sentencing Framework

I.  The Factors to Be Considered in Imposing Sentence

Congress has set forth specific factors the court should consider before imposing a sentence. Title 18 U.S.C. § 3553 (a) directs the court to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner.

*See*, 18 U.S.C. § 3553 (a)(2).

In fashioning such a "sufficient, but not greater than necessary sentence", the court must consider the nature and circumstances of the offense and the history and characteristics of the offender; the kinds of sentences available; and the sentencing range established by the guidelines. See, 18 U.S.C. § 3553 (a)(1),(3),(4).

<u>The Nature and Circumstances of the Offense</u>

The four images underlying this offense were discovered on August 3, 2017 during the execution of a search warrant against another individual in an unrelated case. The images were found in the recycle bin of a computer after an attempt to delete them on March 17, 2017. Mr. Carey has no independent memory of the offense, but he is able to draw the same inferences from the images that any objective observer would draw and he has fully accepted his responsibility in the offense.

<u>History and Characteristics of the Defendant</u>

Mr. Carey has a severe alcohol addiction that has persisted throughout his life. PSIR ¶¶79-83. This alcohol abuse has been a significant factor in all of his prior offenses. PSIR ¶¶52-56. He has been sober during his incarceration since his arrest over a year ago and he reports feeling healthier and in more control of himself and his actions as a result.

He has a prior conviction for a sex offense that forms the basis of his conviction on Count 2 of the information. It is relevant that, while it was a sex offense against minors, it otherwise bears little resemblance to Count 1 of the information based on the ages of the minors involved. Also relevant is that the prior conviction did not involve any forcible compulsion, but was a purely statutory offense. While the fact that he has committed two sex offenses against minors is troubling to say the least, it cannot be inferred that he has an attraction to underage girls. The drastic difference in the ages of the victims from the first offense and the present offense further belies such a conclusion.

Both offenses were committed under the influence of a substantial volume of alcohol. On the first conviction Mr. Carey was sentenced to six months jail and ten years probation which he served without violation. While there were several intervening arrests (all stemming from his alcohol dependence), no violations of his probation were filed reflecting the county probation department's efforts to work on his alcohol addiction through treatment rather than incarceration. What is notable during his time on probation is that there is no indication that he was involved in any sex offenses, with minors or otherwise. Individuals who have an unnatural attraction to minors are simply unable to avoid engaging illicit conduct with minors for over a decade. If Mr. Carey had engaged in any such activity there would be some evidence of it.

Finally, Mr. Carey has three minor children, the eldest of which is his daughter. He has never engaged in any behavior that could even suggest an interest in committing any offense, sexual or otherwise involving any of them, despite having almost daily access to them for years. His daughter has written a letter of support submitted contemporaneously with this memorandum, which shows nothing but unflinching love and support for her father. The same is displayed in the letters submitted by his mother, sister and two of his nieces.

When Mr. Carey first saw the pictures described in the plea agreement he was horrified and reacted violently. PSIR ¶31. To this day he has no idea how the pictures were taken and when first interviewed by investigators speculated that his co-defendant must have taken the pictures with her cell phone.[1]

Neither the prior conviction nor the offense for which he is before this Court involved any planning or grooming on the part of Mr. Carey. He was (voluntarily) drunk out of his mind when

---

[1] Forensic analysis of the images revealed that they were not captured with a cell phone but with a Coolpix camera recovered from Mr. Carey's trailer where the present offense was committed. It appears that Mr. Carey's codefendant gave the digital medium containing the images to her ex-husband in whose possession they were ultimately found. PSIR ¶23.

each offense occurred. He is disgusted and appalled that through his continuous abuse of alcohol he allowed these appalling things to happen to the innocent victims and rather than try to dodge accountability for what happened by hiding behind his alcoholism, he has chosen to accept full responsibility in each case by pleading guilty. If the Court were to impose the mandatory minimum sentence, thirty-five years incarceration, Mr. Carey will be in his late 60's before he is released and after over thirty years of forced sobriety, coupled with the horror and disgust of how through his abuse of alcohol he allowed himself to commit this offense, he will never again permit himself to be in a position where anything remotely similar could possibly ever happen.

<u>Sentences Available and Application of the Sentencing Guidelines</u>

*Offense Level:*

The plea agreement stipulates the factors related to Mr. Carey's offense level. For Count 1 of the information U.S.S.G. § 2G2.1 applies:

| | | |
|---|---|---|
| (a) | Base Offense Level | 32 |
| (b)(2)(A) | Sexual Contact | +2 |
| (b)(4)(B) | Infant/toddler | +4[2] |

After application of U.S.S.G. § 3E1.1(a)&(b), this results in an adjusted offense level of 39.

For Count 2 of the information, the applicable guidelines provision is U.S.S.G. § 2A3.6(b) which directs that the term of imprisonment required by statute be imposed. That is, "a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision." 18 U.S.C.A. § 2260A.

---

[2] Pursuant to the plea agreement Mr. Carey is not contesting the applicability of the infant/toddler enhancement in 2G2.1(b)(4)(B) despite the fact that it didn't go into effect until November of 2016, ostensibly after the conduct of the current offense was complete. Mr. Carey will instead be arguing for a below guidelines sentence.

*Criminal History Category:*

While Mr. Carey's criminal history only scores two criminal history points that otherwise would put him in Criminal History Category II, U.S.S.G. 4B1.5(a) changes that to Category V due to his prior conviction for a sex offense.

*Recommended Guidelines Range:*

For Offense Level 39 and Criminal History Category V, the recommended guideline sentence for Count 1 is 360 to 600 months or 30 to 50 years, U.S.S.G. § 5G1.1(c) & 18 U.S.C. § 2251(e), and for Count 2 the recommended guidelines range is ten years, or 120 months, to run consecutively to Count 1.  Therefore the combined recommended guidelines range of imprisonment is 480 – 720 months or 40 to 60 years.

*Statutory restrictions:*

Count 1 has both a mandatory minimum of 25 years and maximum term of incarceration of 50 years based on Mr. Care's prior conviction on a sex offense.  18 U.S.C. § 2251(e).  Count 2, as noted above, directs a sentence of ten years be imposed to run consecutive to Count 1.  18 U.S.C. §2260A. Therefore the combined statutorily applicable range of incarceration is from 35 to 60 years.

## Conclusion

The government asks that Mr. Carey be sentenced within the guidelines range of 40 to 60 years, but Congress directs that the sentence not be more than necessary to comply with the purposes of sentencing.  In this case, a sentence of 35 years, or 420 months, followed by an appropriate term of supervised release, will be sufficient to comply with the purposes of sentencing without being longer than necessary.

DATED: July 27, 2019

                                          Lisa Peebles
                                          Federal Public Defender

                                By  */s/ Matthew E. Trainor*
                                          Matthew E. Trainor, Esq.
                                          Assistant Federal Public Defender
                                          Bar # 105643
                                          39 North Pearl Street, 5th Floor
                                          Albany, New York 12207
                                          Tel: (518) 436-1850
                                          Fax: (518) 436-1780
                                          matthew_trainor@fd.org

To:    United States District Court Clerk
          Assistant United States Attorney